# EXHIBIT 3

| | |
|---|---|
| **From:** | Bottini_Aishlinn |
| **To:** | Bottini_Aishlinn |
| **Subject:** | FW: Morrison Cohen |
| **Date:** | Monday, August 7, 2023 10:57:07 AM |

**From:** Jeffrey Simpson <jsimpson@archcre.com>
**Sent:** Monday, July 17, 2023 6:13 PM
**To:** Kevin Wiener <kwiener@35oak.com>
**Cc:** Michelle Miller <mmiller@archcre.com>; Michael Wiener <MWiener@35OAK.com>; Tristan Last <tlast@archcre.com>; Jared Chassen <jchassen@archcre.com>; fvanbiesen <fvanbiesen@35oak.com>; Charles Dreezer <cdreezer@35oak.com>; Len Breslow <LBreslow@breslowwalker.com>; Lavender, Brad <Brad.Lavender@haynesboone.com>
**Subject:** RE: Morrison Cohen

| EXTERNAL: Sent from outside Haynes and Boone, LLP |
|---|

We owed $600k+ to Morrison Cohen.  60% is paid as of last week.  We will capital call for all of the rest via property level notices immediately.  Michelle is already working on them.

Since you are aware of the risks and obligations and acknowledge them, we will ask Morrison Cohen to proceed accordingly but to be clear, we asked them to work on the forbearance agreement last week and I have not stopped an important issue from being resolved imminently.  David can attest to such, ask him.

All open capital obligations, on every matter, on every deal – corporate and property is being prepared and you will have shortly.

You can't play the same game that your brother has.  Frank is aware of all the capital needed and has been for the entire time. We have used every effort to keep the cash needs down at all times but that will not happen anymore, you will have capital calls weekly for all.  You can then choose not to pay them, like debt service and legal bills!

And to your Q about JJ vs Oak. You are the funding partner!  That is your only role in this business – to write checks and provide guarantees.  Other than that, you guys are on very limited major decisions.  Again, please read the agreement so you know your role and what your obligations and responsibilities are.  I know ours, it is certainly nice to hear from you when things are hard but when we make $ for the family, everyone hides behind the curtain and it is just, "deal with Frank".  Happy you guys woke up and realized what it is that we do every day.

**From:** Kevin Wiener <kwiener@35oak.com>
**Sent:** Monday, July 17, 2023 5:57 PM
**To:** Jeffrey Simpson <jsimpson@archcre.com>
**Cc:** Michelle Miller <mmiller@archcre.com>; Michael Wiener <MWiener@35OAK.com>; Tristan Last <tlast@archcre.com>; Jared Chassen <jchassen@archcre.com>; fvanbiesen <fvanbiesen@35oak.com>; Charles Dreezer <cdreezer@35oak.com>; Len Breslow <LBreslow@breslowwalker.com>; Brad Lavender <brad.lavender@haynesboone.com>
**Subject:** RE: Morrison Cohen

Jeff every single one of those properties has the ability to make a capital call if it lacks sufficient funds to cover legal bills. We will honour our legal obligations to respond to capital calls as we have continuously done. We fully intend to cover those legal expenses, but I'm not going to have this email be construed as some sort of separate legal guarantee outside of our funding structure to cover every property's legal expenses. As far as I can tell, we're the only investor in any of these properties who *is* responding to capital calls (including JJ).

If what you are looking for is a statement of our intention with respect to capital calls on a property level with respect to these legal expenses, you now have it and I look forward to you getting Morrison Cohen back to work.

If you're asking for some kind of legal guarantee (that apparently would only apply to us and not to any of the other investors in the various properties), our position is that it's inappropriate to require such a guarantee before incurring expenses that you have a fiduciary obligation to incur to protect the investments in the various properties, and where there is a clear mechanism to have those expenses paid for. As far as I'm aware you have not even attempted to make any capital calls to fund these legals so I'm not sure why you'd need a third-party guarantee from 35 Oak when the capital call process has not been used, let alone failed.

**From:** Jeffrey Simpson <jsimpson@archcre.com>
**Sent:** Monday, July 17, 2023 5:32 PM
**To:** Kevin Wiener <kwiener@35oak.com>
**Cc:** Michelle Miller <mmiller@archcre.com>; Michael Wiener <MWiener@35OAK.com>; Tristan Last <tlast@archcre.com>; Jared Chassen <jchassen@archcre.com>; Frank van Biesen <fvanbiesen@35OAK.com>; Charles Dreezer <cdreezer@35oak.com>; Len Breslow <LBreslow@breslowwalker.com>; Brad Lavender <brad.lavender@haynesboone.com>
**Subject:** Re: Morrison Cohen

EXTERNAL
[EXTERNAL EMAIL]

Morrison Cohen legal bills for defense litigation at the properties level .   I've been crystal clear.

If Michael didn't suggest that he didn't want to pay, we wouldn't be having this conversation.

JEFFREY SIMPSON
Managing Partner | Arch Companies
D 646.854.6810 | C 646.753.2872
jsimpson@archcre.com | archcorealestate.com
88 University Place, 11th Floor, New York, NY 10003

Sent from my iPhone

> On Jul 17, 2023, at 5:00 PM, Kevin Wiener <kwiener@35oak.com> wrote:

> Jeff are you asking us to make a commitment that waives all our rights, oversight, capital limits and approvals in the operating agreements and the property-level agreements or are you asking us to commit to meeting our obligations that we have under those agreements? Those are very different questions and you keep demanding a yes or no answer without specifying what it is exactly that you're asking.

**From:** Jeffrey Simpson <jsimpson@archcre.com>
**Sent:** Monday, July 17, 2023 4:14 PM
**To:** Kevin Wiener <kwiener@35oak.com>
**Cc:** Michelle Miller <mmiller@archcre.com>; Michael Wiener <MWiener@35OAK.com>; Tristan Last <tlast@archcre.com>; Jared Chassen <jchassen@archcre.com>; Frank van Biesen <fvanbiesen@35OAK.com>; Charles Dreezer <cdreezer@35oak.com>; Len Breslow <LBreslow@breslowwalker.com>; Brad Lavender <brad.lavender@haynesboone.com>
**Subject:** Re: Morrison Cohen

EXTERNAL
[EXTERNAL EMAIL]

Again, it's a yes or no question.  Are you going to fulfill the capital obligations to pay the Morrison Cohen bill's?

JEFFREY SIMPSON
Managing Partner | Arch Companies
D 646.854.6810 | C 646.753.2872
jsimpson@archcre.com | archcorealestate.com
88 University Place, 11th Floor, New York, NY 10003

Sent from my iPhone

> On Jul 17, 2023, at 4:06 PM, Kevin Wiener <kwiener@35oak.com> wrote:

Are you asking for a response from us or a response from Jeff? Our position remains that we are fully committed to our operating agreements and will meet all capital calls under our operating agreements. I'm hoping Jeff will agree not to instruct deferral on these time-sensitive legal matters while we negotiate broader agreements leading to a separation. Doing so will materially prejudice our financial position and we would fully reserve our rights to exercise all legal remedies under our operating agreements and that are otherwise available to us in law.

Jeff, given you have made very clear that you do not want us communicating directly with David's team, can you confirm that you are instructing David to participate on this call?

Kevin

---

**From:** Michelle Miller <mmiller@archcre.com>
**Sent:** Monday, July 17, 2023 3:53 PM
**To:** Jeffrey Simpson <jsimpson@archcre.com>
**Cc:** Kevin Wiener <kwiener@35oak.com>; Michael Wiener <MWiener@35OAK.com>; Tristan Last <tlast@archcre.com>; Jared Chassen <jchassen@archcre.com>; Frank van Biesen <fvanbiesen@35OAK.com>; Charles Dreezer <cdreezer@35oak.com>; Len Breslow <LBreslow@breslowwalker.com>; Brad Lavender <brad.lavender@haynesboone.com>
**Subject:** Re: Morrison Cohen

<mark>EXTERNAL</mark>
[EXTERNAL EMAIL]

I haven't seen a response on the below. The lender on brown has requested a 4pm call with someone from David's team. I do not know how to proceed with additional legal expenses without confirmation especially given the timing urgency and the auction scheduled for Wednesday.

Thank you

MICHELLE MILLER
Partner | Arch Companies
D 646.854.8551 | C 908.342.2355
mmiller@archcre.com | archcorealestate.com
88 University Place, 2nd Floor, New York, NY 10003


*PLEASE NOTE THAT OUR ADDRESS HAS CHANGED*

On Jul 17, 2023, at 9:56 AM, Jeffrey Simpson <jsimpson@archcre.com> wrote:

 Len and Brad should speak.

In the interim, please read the operating agreement and understand what role the managing member has, and the investor member has, that will be a fruitful thought provoking process for you.

JEFFREY SIMPSON
Managing Partner | Arch Companies
D 646.854.6810 | C 646.753.2872
jsimpson@archcre.com | archcorealestate.com
88 University Place, 11th Floor, New York, NY 10003

Sent from my iPhone

On Jul 14, 2023, at 4:16 PM, Kevin Wiener <kwiener@35oak.com> wrote:

Hi Jeff,

We haven't worked together much. I can see the working relationship between you and Mike is under a lot of strain and I'm hoping I can help turn down the temperature a bit. We have our own team and stakeholders and employees just like you do. I hope we can all keep in mind that this is bigger than two people. It's about us both taking care of our teams and treating each other with mutual respect; we've had a great working history and so much to lose by fighting. We both owe it to our teams and our investors to try to resolve this amicably whatever personal feelings may have developed.

With respect to your proposal, I can say that we agree in principle with an amicable and orderly transition to us managing the business working with Jason and Jared while you move to something more ad hoc like a consultant role. So I think we can have the same end goal here – the discussion is just on the specifics that are going to work best on both sides and that are an essential part of any deal.

You've made a lot of allegations about our company and about Mike's behaviour. Obviously we disagree with those allegations. We have our own areas where we have grievances. Having an argument about who was wrong isn't going to help us get this resolved and it's just going to lead to more hurt feeling. We also clearly disagree that you have the right to unilaterally dissolve the business. Any such unilateral steps – whether it's you trying to dissolve the business without our consent or us declaring a cause event and trying to unilaterally become managing partner – is just going to lead to a lot of mutual litigation while our properties lose money and our stakeholders wonder why we're fighting instead of protecting their investments and their jobs.

I'd like to be in a position to give you a point by point response to your proposal today, but the reality is that we're not in a position to do that. Our lawyers can't even give us proper advice on the potential risks and liabilities of the structure without getting certain more information; any deal is going to require some level of due diligence before it becomes firm; and just from a principled basis we don't negotiate major deals like this with a gun to our head.

From what I can tell the short term issues are this:
1. You have concerns that you're incurring expenses with suppliers that won't get paid and that there's uncertainty about payroll
2. You believe that we're being too actively involved with management decisions and not respecting your role as the managing partner
3. We have a budget that was approved last year and doesn't reflect the current needs of Arch or the properties and the expenses that need to be incurred to salvage these projects, and the process for approval of special expenses is cumbersome
4. We have concerns that important decisions—including decisions to protect the various investments and stakeholders—that need to be made and work that needs to be done on very short term timelines is being put on hold while we resolve this disagreement in a way that seriously prejudices our financial position
5. We have concerns that you're asking us to put more money into a business that you keep threatening to dissolve if we don't agree to an evolving list of commitments (sometimes very significant and

long-term commitments like a divorce structure) on very short timeframes.

Your proposal includes an Initial Period that provides short term certainty while we transition management of the business. The reality is that any kind of divorce proposal we agree to is going to require a period of time where you continue to manage the business and we have mutual trust that, at least over that short term, the business and properties will be adequately financed and management decisions will be made in a way that protects the investments and not to maximize leverage for one side of the partnership.

What I would propose (with the usual caveat that this email isn't intended to create any binding legal obligations right now, all rights are reserved, etc.) is let's use that concept of that Initial Period to create that period of stability while we negotiate our separation agreement. Let's figure out a time period, be it one or two or three months – you can propose a budget that includes adequate financing for all the work that needs to be done to protect these investments in a time-sensitive manner. We'll come to an agreement on that budget that reflects the current realities and needs and you'll have our iron-clad commitment to the funding of that budget. And you'll agree that during that time you'll push forward that time-sensitive work that needs to be done as expeditiously as possible and you won't contingent getting that work done or incurring necessary expenses on us making additional commitments or finalizing the separation agreement – we both fund and work in good faith. We can also work during this period on the potential of bringing in a third party as you proposed during the Initial Period.

During that negotiating period where we're all working together towards a common goal, we'll work as quickly as we reasonably can to attempt to hammer out a separation agreement with you that is fair to the work you and your partners have done and that is fair to your employees. But figuring out what that agreement is going to look like and getting on the same page is something that's going to take a couple weeks not a couple days. What we can do in a couple days is create the breathing room and stability for us both to negotiate the separation properly.

If there's any other short-term commitments you'd like us to make during this negotiating period we're happy to consider them. And of course my discussion of short-term commitments shouldn't in any way be seen as us walking away from the permanent commitments that we've already made in our operating agreement and the agreements governing each property. We fully intend to honour those agreements as we always have, but you've made clear you want something more than that. So let's figure out what we need to ensure some short-term certainty on both sides right now and then use that space to negotiate a fair separation agreement.

Best regards,

Kevin Wiener

---

**From:** Jeffrey Simpson <jsimpson@archcre.com>
**Sent:** Thursday, July 13, 2023 11:38 PM
**To:** Michael Wiener <MWiener@35OAK.com>
**Cc:** Michelle Miller <mmiller@archcre.com>; Tristan Last

<tlast@archcre.com>; Jared Chassen <jchassen@archcre.com>; Frank van
Biesen <fvanbiesen@35OAK.com>; Charles Dreezer
<cdreezer@35oak.com>; Kevin Wiener <kwiener@35oak.com>
**Subject:** Re: Morrison Cohen

**EXTERNAL**
[EXTERNAL EMAIL]

It's great to float on water Michael and think that the actions that you
partake in have no ramifications. Do you really think that Tristan lied?
Because that's about the last thing that happened on this earth.

You still have not formally committed to paying the cost of the lawyer
that you're asking to work for us. It's nice that you would like to
participate in every email, I'm not sure if that's even something that
you are entitled to per our Agreement. The last I checked, you are still
the Investor Member that has funding obligations (in default of per
multiple loan documents), not management controls.

Every circumstance that you chose to insert yourself in has resulted in
inappropriate behavior pursuant to our Agreement.

Since you don't seem to understand, I will list examples here for you:

1. Failed capital contributions in property level documentation that
results in loan defaults and potential investor claims against you and
us.
2. Disclosing information to a party that is not a member, and it's
simply a conflict of interest without our consent - Infinity. This has
been noted in multiple conversations and communications, but you still
choose to breach the Agreement.
3. Demanding that a Dissolution broker should work on non-market
terms after extreme negotiations. Again, not consistent with the
direction of the Managing Member, who has the authority to decide.
4. Bringing on additional consultants to dig in to our business without
disclosing or requesting consent of the Managing Member.
We learned today that Zack's mother (Wendy) has been engaged by
you after we told you we had a bad experience with her.
5. Demanding that the Managing Member pursue a modification to a
3rd party investor agreement for the sole purpose of the Investor
Member economic interests.
6. Your illustration to us that you were unaware of key documents, and
guarantees until two months ago when your COO had reviewed the
documents and arranged for your signature. How do you think you
can come to our office and tell us "I didn't understand" and Monday
morning quarterback?
7. Do you think coming to our office, making those statements, and
then putting your bare feet on a desk is indicative or illustrative of
leadership or sustainability?

I could continue, but let's be clear you trying to manipulate any
member of my team is ineffective. This poor and inappropriate
business conduct will only cause further problems to you and us. Our
agreement does not consist of a copilot arrangement. If that is your
wish, it is time for you to step up and try and take on that direction
because it is not provided for and you are not qualified to do so and no
one on your team is. Your term of "collaboration" is actually
manipulation and a poor shot at it because we are all smarter than what
it is you're trying to achieve.

You want to focus on the ball and move on, respond point by point to
the well thought out and curated exit plan. It deals with all the issues
that are outstanding. I've seen enough poor behavior, bad business
judgment, manipulation attempts, that we cannot put our name side-

by-side.  It's simply not your role as you're not the manager, managing member, or an entity that has the rights to control the operations of the business.  If you feel that you will be effective, you will formally get those rights through a plan that we have prepared, after all parties are signed off.


JEFFREY SIMPSON
Managing Partner | Arch Companies
D 646.854.6810 | C 646.753.2872
jsimpson@archcre.com | archcorealestate.com
88 University Place, 11th Floor, New York, NY 10003

Sent from my iPhone

> On Jul 12, 2023, at 4:42 PM, Michael Wiener <MWiener@35oak.com> wrote:


> I did not say that. I don't appreciate the allegations.

> If you are done attacking me and my character for the day can we have a discussion or at minimum an update on the Madison proposal and where things stand? Are there any other updates we should be looped in on?

---

**From:** jsimpson@archcre.com
**Sent:** July 12, 2023 4:24 PM
**To:** MWiener@35OAK.com; mmiller@archcre.com; tlast@archcre.com
**Cc:** jchassen@archcre.com; fvanbiesen@35OAK.com
**Subject:** FW: Morrison Cohen

EXTERNAL
[EXTERNAL EMAIL]

Michael, you asked Tristan last week at 11:30 pm if you can cut these bills or make them go away.  I highly doubt Tristan is lying, so please don't tell people that you have not said you won't pay.  Words like that don't go unnoticed.

---

**From:** Y. David Scharf <dscharf@morrisoncohen.com>
**Sent:** Wednesday, July 12, 2023 9:48 AM
**To:** Michael Wiener <MWiener@35OAK.com>; Jeffrey Simpson <jsimpson@archcre.com>
**Cc:** fvanbiesen <fvanbiesen@35oak.com>; Tristan Last <tlast@archcre.com>; Michelle Miller <mmiller@archcre.com>; Brad Lavender <brad.lavender@haynesboone.com>; Jared Chassen <jchassen@archcre.com>; Charles Dreezer <cdreezer@35oak.com>; Kevin Wiener <kwiener@35oak.com>; Bill Wiener <BWiener@35oak.com>
**Subject:** RE: Morrison Cohen

Hi. Michael I am sorry for the health and family matters. I feel like a child of people divorcing and being asked if I am ok. I have a job to do and there are some important deadlines today and tomorrow as well as 50% of the old invoices outstanding. I understood last week that that there was a commitment to be paid for past and ongoing work and there

was a suggestion that that is no longer the case. The commitment of our clients to pay for our services is essential and if that commitment has changed I need to be told so we can comply with our obligations to the court and clients.

**Y. David Scharf**
*Chair and Co-Managing Partner*
T: 212.735.8604 |C: 917.754.0484 |F: 917.522.3104
dscharf@morrisoncohen.com
vCard | Bio | LinkedIn

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com

---

**From:** Michael Wiener <MWiener@35OAK.com>
**Sent:** Wednesday, July 12, 2023 8:49 AM
**To:** Jeffrey Simpson <jsimpson@archcre.com>
**Cc:** Y. David Scharf <dscharf@morrisoncohen.com>; Frank van Biesen <fvanbiesen@35OAK.com>; Tristan Last <tlast@archcre.com>; Michelle Miller <mmiller@archcre.com>; Brad Lavender <brad.lavender@haynesboone.com>; Jared Chassen <jchassen@archcre.com>; Charles Dreezer <cdreezer@35oak.com>; Kevin Wiener <kwiener@35oak.com>; Bill Wiener <BWiener@35oak.com>
**Subject:** Re: Morrison Cohen

I believe it's relevant. Brad is away, and I have not been able to speak to him. This is important obviously.

What I am suggesting is that we keep things moving forward while we in tandem try to address your concerns. I believe this is a reasonable approach. We can further solidify a wind down plan which hopefully deals with your concerns around Arch payroll etc. Let's pick a date, and figure out what it takes to get there.

Especially given we worked out a deal with David last week to keep things moving forward on the legal front, I feel that we can probably address concerns he might have in a more productive and collaborative manner.

I urge that we work as a team here.

████████████████████████████████
████████████████████████████████
████████████████████████████████

████████████████████████████████
████████████████████████████████.

On a separate note I am dealing with some personal health issues and with a family emergency. I would really appreciate if you can take this into consideration as well.

Thanks,


Get Outlook for Android

---

**From:** Jeffrey Simpson <jsimpson@archcre.com>
**Sent:** Wednesday, July 12, 2023 7:30:36 AM
**To:** Michael Wiener <MWiener@35OAK.com>
**Cc:** Y. David Scharf <dscharf@morrisoncohen.com>; Frank van Biesen <fvanbiesen@35OAK.com>; Tristan Last <tlast@archcre.com>; Michelle Miller <mmiller@archcre.com>; Jared Chassen <jchassen@archcre.com>; Brad Lavender <brad.lavender@haynesboone.com>
**Subject:** Re: Morrison Cohen

EXTERNAL

[EXTERNAL EMAIL]

None of the below is relevant in this context.   The simple answer as a relates to David is " yes, we will cover legal expenses for your firm".

Again, do you confirm?  It's a simple "yes" or "no".  Without a yes, I will not ask David to continue on behalf of Arch as managing member.  The business doesn't have the cash to cover the legal expense, so it comes from the investment/ funding partner.


JEFFREY SIMPSON
Managing Partner | Arch Companies
D 646.854.6810 | C 646.753.2872
jsimpson@archcre.com | archcorealestate.com
88 University Place, 11th Floor, New York, NY 10003

Sent from my iPhone


> On Jul 12, 2023, at 7:25 AM, Michael Wiener <MWiener@35oak.com> wrote:
>
> I don't know how to respond to the below emails. It's my understanding these are all important matters that need for us to continue to make progress on.
>
> Brad is away this week and next.
>
> I know these are stressful times but we need to be working collaboratively here. Oak has always stepped up financially and has made capital calls when called upon. When we were asked to contribute towards legals last week we did so. I was under the impression David was appreciative and understands that we are going through a tough time.

Jeff - if you have issues with me personally or with Oak as a partner let's work together to address them, but asking counsel to put pens down seems counterproductive, especially after the discussion with David last week where we discussed the importance of keeping things moving forward.

You mentioned you feel Arch should be wound down, and you asked that Oak assist to ensure the staff are supported and that we have a soft landing. This was even discussed as recently as yesterday.

I want to get through these challenging times as much as everyone. Can we at minimum keep things moving forward at least until Brad is back in a couple weeks and we can have this discussion then?



We are making progress, let's at minimum continue to make progress while we sort through our challenges.

**From:** dscharf@morrisoncohen.com
**Sent:** July 12, 2023 6:20 AM
**To:** jsimpson@archcre.com
**Cc:** fvanbiesen@35OAK.com;
MWiener@35OAK.com; tlast@archcre.com;
mmiller@archcre.com; jchassen@archcre.com
**Subject:** Re: Morrison Cohen

**EXTERNAL**
[EXTERNAL EMAIL]

I have let David Ross and Gayle know.

**Y. David Scharf**
*Chair and Co-Managing Partner*
T: 212.735.8604 | C: 917.754.0484 | F: 917.522.3104
dscharf@morrisoncohen.com
vCard | Bio | LinkedIn

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com

On Jul 12, 2023, at 6:13 AM,
Jeffrey Simpson

<jsimpson@archcre.com> wrote:



Until we hear back a firm commitment from Oak, on the below,

Thanks and sorry

JEFFREY SIMPSON
Managing Partner | Arch Companies
D 646.854.6810 |
C 646.753.2872
jsimpson@archcre.com | archcorealestate.com
88 University Place, 11th Floor, New York, NY 10003

Sent from my iPhone

On Jul 12, 2023, at 6:02 AM, Y. David Scharf <dscharf@morrisonc ohen.com> wrote:





**Y. David Scharf**
*Chair and Co-*
*Managing Partner*
T: 212.735.8604 | C: 917.7
54.0484 | F: 917.522.3104
dscharf@morrisoncohen.
com
vCard | Bio | LinkedIn

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com

On Jul
11,
2023, at
11:50
PM,
Jeffrey
Simpson
<jsimps
on@arc
hcre.co
m> 
wrote:

| **CAUTION:** External sender. Verify before continuing. |
| --- |

---

David

Please
put all
Arch
work
product
on hold
for the
moment.

We need
Oak to
confirm
(in
writing)
that they
are

going to fund the invoices that is associated with the work product before we can ask you to continue.

JEFFREY SIMPSON Managing Partner | Arch Companies D [646.854.6810](tel:646.854.6810) | C [646.753.2872](tel:646.753.2872) [jsimpson@archcre.com](mailto:jsimpson@archcre.com) | [archcorealestate.com](http://archcorealestate.com) 88 University Place, 11th Floor, New York, NY 10003

Sent from my iPhone

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received

this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you

receive an attachment containing metadata,
please notify the sender immediately and a
replacement will be provided.

---

This email has been scanned for email related
threats and delivered safely by Mimecast.
For more information please visit
http://www.mimecast.com

---

This transmittal and/or attachment (s) may be a confidential
attorney-client communication or may otherwise be privileged
or confidential. If you are not the intended recipient, you are
hereby notified that you have received this transmittal in
error; any review, dissemination, distribution or copying of
this transmittal is strictly prohibited. If you have received this
transmittal and/or attachment(s) in error, please notify us
immediately by reply or by telephone (call us collect at 212-
735-8600) and immediately delete this message and all of its
attachments. Thank you. We take steps to remove metadata
in attachments sent by email, and any remaining metadata
should be presumed inadvertent and should not be viewed or
used without our express permission. If you receive an
attachment containing metadata, please notify the sender
immediately and a replacement will be provided.

---

This email has been scanned for email related threats and
delivered safely by Mimecast.
For more information please visit http://www.mimecast.com